*Wu v. Sessions*

BIA
Christensen, IJ
A200 941 349

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

RONG JING WU,
> *Petitioner,*

v.                                                    14-2228
                                                      NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,*
> *Respondent.*

_____

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III, is automatically substituted for former Attorney General Loretta E. Lynch as the Respondent in this case.

**FOR PETITIONER:**     Lee Ratner, Law Offices of Michael Brown, P.C., New York, NY.

**FOR RESPONDENT:**     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rong Jing Wu, a native and citizen of the People's Republic of China, seeks review of a June 2, 2014 decision of the BIA affirming a September 10, 2012 decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Jing Wu,* No. A200 941 349 (B.I.A. June 2, 2014), *aff'g* No. A200 941 349 (Immig. Ct. N.Y.C. Sept. 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's opinion, "including the portions not explicitly discussed by

the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We have held that although remand may be "required because of [an] IJ's apparent bias and hostility toward" a petitioner, such cases are "rare." *Guo-Le Huang v. Gonzales*, 453 F.3d 142, 148 (2d Cir. 2006). Wu argues that this is one of those rare cases.

Wu's argument is based on the fact that, of the several inconsistencies identified by the IJ, the major one was elicited by the IJ's own questioning, rather than that of the government attorney. Wu asks us to infer from this fact that the IJ was biased. We decline to do so. The IJ was complying with his statutory obligation to "interrogate, examine, and cross-examine." 8 U.S.C. § 1229a(b)(1). Moreover, an IJ may rely on dramatic inconsistencies without seeking explanation. *Ming Shi Xue v. BIA*, 439 F.3d 111, 114 (2d Cir. 2006). According an applicant an opportunity to rehabilitate inconsistent testimony therefore does not violate due process. Beyond the inference that she asks us to draw, Wu has identified no comments

or questions by the IJ that raise even a slight suggestion of bias. *Cf. Ali v. Mukasey*, 529 F.3d 478, 490-93 (2d Cir. 2008); *Guo-Le Huang*, 453 F.3d at 149. Accordingly, the IJ did not violate Wu's due process rights, and there is no cause for remand.

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
